# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JULIE A. JETER,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0822**  (BOR Appeal No. 2050271)
(Claim No. 2014000739)

**PARKWAYS ECONOMIC DEVELOPMENT**
**& TOURISM AUTHORITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Julie A. Jeter, by Stephen New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Parkways Economic Development & Tourism Authority, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2015, in which the Board affirmed a February 25, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 6, 2013, decision granting Ms. Jeter no permanent partial disability award and closing the claim for permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jeter was injured in the course of her employment as a toll collector on July 3, 2013, when she was struck by a sliding metal door. Her claim for workers' compensation benefits was subsequently held compensable for a left shoulder contusion, a back contusion, and an unspecified strike-type injury. Ms. Jeter has undergone three independent medical evaluations for the purpose of determining the amount of permanent impairment arising from her compensable injuries.

1

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on November 25, 2013, and authored a report memorializing his findings on November 26, 2013. He opined that Ms. Jeter sustained 0% whole person impairment as a result of the compensable left shoulder and thoracic spine contusions. Based upon Dr. Mukkamala's independent medical evaluation, the claims administrator granted Ms. Jeter a 0% permanent partial disability award on December 6, 2013.

Bruce Guberman, M.D., performed an independent medical evaluation on April 29, 2014, and authored a report on that date memorializing his findings. He listed Ms. Jeter's diagnoses as a chronic, post-traumatic left shoulder strain, and an acute and chronic post-traumatic thoracic sprain.[1] Dr. Guberman opined that Ms. Jeter sustained 5% whole person impairment attributable to the thoracic spine and 5% whole person impairment attributable to the left shoulder, for a total of 10% whole person impairment.

Finally, Marsha Lee Bailey, M.D., performed an independent medical evaluation on July 30, 2014, and authored a report summarizing her findings on the same date. She opined that Ms. Jeter sustained 0% whole person impairment as a result of the thoracic contusion. She then stated that the range of motion measurements she obtained for the left shoulder are invalid. Dr. Bailey then opined that range of motion abnormalities exhibited in the left shoulder are linked to range of motion abnormalities observed in the thoracic spine, which derive in part from pre-existing degenerative changes. She based this conclusion upon Ms. Jeter's statement that pain in the thoracic spine and pain in the left shoulder occur concurrently. Dr. Bailey further opined that assigning an impairment rating to the left shoulder would amount to rating the same physical complaint twice.

In its Order affirming the December 6, 2013, claims administrator's decision, the Office of Judges held that Ms. Jeter has failed to demonstrate that she is entitled to an additional permanent partial disability award above the 0% permanent partial disability award granted by the claims administrator and upheld the closing of the claim for permanent partial disability benefits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 30, 2015. On appeal, Ms. Jeter requests that she be granted a permanent partial disability award consistent with the opinion of Dr. Guberman.

The Office of Judges found that the reports of Dr. Mukkamala and Dr. Bailey, who both determined that Ms. Jeter did not sustain any permanent impairment as a result of the compensable injury, are persuasive. Regarding Dr. Guberman's report, the Office of Judges discredited his conclusions based upon its finding that he evaluated the amount of permanent impairment arising from his diagnoses of a thoracic sprain and a left shoulder strain rather than the compensable diagnoses of back and left shoulder contusions. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

---

[1] The record gives no indication that these diagnoses were ever added as compensable components of the claim, or that a request for their addition was ever submitted.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II